UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

BRITTANY BAILEY, :

    Plaintiff, : CIVIL ACTION NO. 3:23-0247

v. : (JUDGE MANNION)

PROGRESSIVE ADVANCED :
INSURANCE COMPANY, *et al.*,
 :
    Defendants.
 :

## MEMORANDUM

Presently before the court is Plaintiff's motion to remand. (Doc. 14). Plaintiff, a Pennsylvania resident, brings this suit against Progressive, an Ohio company, and adjuster Ryan Thomas, a Pennsylvania resident. Plaintiff is suing to recover for alleged harm she suffered due to Progressive's investigation of her insurance claim for fire damage to her car. Plaintiff brings various state law claims against the defendants. Defendants removed this case to federal court. The issue in this motion is subject matter jurisdiction. The court does not have subject matter jurisdiction as the case is currently pleaded since Ryan Thomas destroys diversity. Defendants claim Thomas was fraudulently joined. But Plaintiff asserts at least one colorable claim against Thomas. So he was not fraudulently joined. Accordingly, the court will **GRANT** the motion and **REMAND** this case.

I.  **BACKGROUND**

Plaintiff Brittany Bailey initiated this civil action through the filing of a Complaint in the Court of Common Pleas of Lackawanna County on January 10, 2023. Her complaint alleges, in pertinent part, that on July 26, 2022, she was driving her 1999 Dodge Ram 2500 on the Pennsylvania Turnpike when the vehicle suddenly shut off. (Doc. 1-1, Complaint). Plaintiff observed smoke and flames coming from the hood of the vehicle near the windshield, and pulled over to the side of the road. Plaintiff opened the hood and observed flames, smoke and charring near the engine compartment. The flames continued to burn for several minutes. Ultimately, the vehicle was towed to Plaintiff's sister's house where it remains neither functional nor drivable.

Plaintiff filed a claim with Progressive for comprehensive coverage benefits on or about July 26, 2022. Defendant Thomas was the claims adjuster assigned to handle Plaintiff's claim. Plaintiff gave a recorded interview to Defendant Thomas on or about August 1, 2022. During the interview, Defendant Thomas allegedly asked Plaintiff a range of irrelevant and wrongfully accusatory questions. Plaintiff contends Thomas's outrageous interrogation of Plaintiff was intended solely to bully, harass and intimidate Plaintiff into not pursuing her claim. Plaintiff makes further

allegations against Progressive relating to its alleged improper and bad faith investigation resulting in an effective denial of Plaintiff's claim.

On February 9, 2023, the defendants filed a notice of removal in this court, asserting the court has jurisdiction based on diversity of citizenship because Ryan Thomas was fraudulently joined. Shortly thereafter, the defendants filed motions to dismiss the complaint. (Docs. 4 & 6). Plaintiff timely moved to remand this case back to the Lackawanna County Court of Common Pleas. (Doc. 14). Since ascertaining whether the court has jurisdiction to hear this case is of utmost importance, the court will address the motion to remand before reaching the motions to dismiss.

## II. LEGAL STANDARD

Under 28 U.S.C. §1441, a defendant may remove an action brought in state court to federal district court when the claims fall within the federal court's original jurisdiction. A plaintiff may challenge removal for lack of jurisdiction by moving to remand the matter to state court. *See* 28 U.S.C. §1447(c). If the district court indeed lacks subject matter jurisdiction, it must remand to the state court from which the action was removed. *Id.*

"[T]he federal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction." *Carlsberg Res.*

*Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977). As such, statutes permitting removal "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 162 (3d Cir. 2014) (quoting *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009)). Where the basis for removal is diversity of citizenship under 28 U.S.C. §1332, as it is in this case, "the Congressional intent to restrict federal diversity jurisdiction [must be] honored." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Federal diversity jurisdiction is restricted to cases between citizens of different states in which the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. §1332(a).

It is well settled "in [the Third Circuit] that the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel–Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (In a removal case, "[i]t remains the defendant's burden to show the existence and continuance of federal jurisdiction."). Thus, to invoke diversity jurisdiction in this case, Progressive must establish that the matter is between citizens

of different states and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. §1332(a).

Fraudulent joinder occurs when non-diverse parties are joined for the purpose of destroying diversity and "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *In re Briscoe*, 448 F.3d 201, 216-17 (3d Cir. 2006) (internal quotation marks and citation omitted). When deciding whether a claim is colorable in a fraudulent joinder analysis, the court need not determine whether the claim would survive a motion to dismiss. *Id.* at 217. The standard is significantly lower than the Rule 12(b)(6) standard. Indeed, "unless the claims against the non-diverse defendant could be deemed 'wholly insubstantial and frivolous' . . . the joinder could not be considered fraudulent." *Id.* "If there is even a *possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (emphasis added). The removing party caries a heavy burden of persuasion to establish fraudulent joinder, as removal statutes are strictly construed against removal and all doubts should be resolved in favor of remand. *Id.*

### III. DISCUSSION

A review of the complaint and the parties' submissions reveals Plaintiff asserts at least one colorable claim against Defendant Thomas: Count V, Negligence.[1] Negligence requires the plaintiff plead four elements: 1) the defendant owed the plaintiff a duty; 2) the defendant breached the duty; 3) the plaintiff suffered actual harm; and 4) a causal relationship existed between the breach of duty and the harm. *Freed v. Geisinger Medical Center*, 910 A.2d 68, 72 (Pa. Super. Ct. 2006). Here, Defendants argue Plaintiff failed to plead a colorable claim against Thomas for negligence because she failed to plead Thomas owed her a duty. (Doc. 20 at 23–25).

To plead negligence, Plaintiff alleges in her complaint that "[b]y engaging in the affirmative conduct detailed above and incorporated herein, Defendant Thomas assumed and/or was under a duty to exercise the care of a reasonable person and to conform to a particular standard of care to protect Plaintiff against an unreasonable risk of harm to Plaintiff arising from Defendant Thomas's affirmative conduct"; that "Defendant Thomas . . . undertook and rendered services to Plaintiff which Defendant Thomas

---

[1] Plaintiff need only plead one colorable claim against Thomas to combat the defendants' assertion of fraudulent joinder. The court takes no position on the viability of Plaintiff's other two claims in counts three and four against Thomas.

should have recognized as necessary for the protection of the other's person or things"; that "Defendant Thomas . . . was negligent, careless and reckless in failing to adequately investigate, evaluate and handle Plaintiff's Claim, and Defendant Thomas's affirmative conduct evidences a reckless disregard and indifference to the rights of Plaintiff"; and that "[a]s a . . . result of the affirmative conduct of Defendant Thomas, Plaintiff has suffered and/or will suffer compensatory and consequential damages . . . ." (Doc. 1-1).

Plaintiff's repeated references to Thomas's "affirmative conduct" in her complaint presumably allude to the recent Pennsylvania Supreme Court opinion in *Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018), which Plaintiff relies on in her motion to remand. In *Dittman*, the Pennsylvania Supreme Court noted that "this Court has observed that in scenarios involving an actor's affirmative conduct, he is generally under a duty to others to exercise the care of a reasonable man to protect them against an unreasonable risk of harm to them arising out of the act." *Id.* at 1046–47 (cleaned up). Plaintiff argues, pursuant to *Dittman*, that her allegations as to Thomas's affirmative conduct establish the duty element—or at least suffice for the court to find Pennsylvania could possibly recognize a duty under these circumstances.

Defendants distinguish *Dittman* from this case on its facts. They note that the Court in *Dittman* held "that an employer has a legal duty to exercise

reasonable care to safeguard its employees' sensitive personal information stored by the employer on an internet-accessible computer system." *Dittman*, 196 A.3d at 1038. That context is much different than this case, which involves allegations pertaining to the handling of an insurance claim. Defendants argue further that "Plaintiff does not cite to a single case permitting an insured to bring a negligence claim against an insurer's employee." (Doc. 20 at 25). However, that argument ignores the relevant legal standard applicable to this matter in its current procedural posture.

As explained above, the burden is on the defendants to demonstrate the court has jurisdiction over this case. Defendants assert Thomas was fraudulently joined, which means Defendants need to show the claims against Thomas are "wholly insubstantial and frivolous," *Briscoe*, 448 F.3d at 217, *i.e.*, that there is no *possibility* the Pennsylvania state court would find Plaintiff stated a negligence cause of action against Thomas. The lack of cases permitting an insured to bring a negligence claim against an insurer's employee does not foreclose the possibility that Pennsylvania could recognize a duty in this context. And Defendants do not cite Pennsylvania case law foreclosing that possibility.

Upon review of the complaint and applicable law, the court will join a number of other federal courts in Pennsylvania which have remanded cases

based on the possibility that a Pennsylvania state court could recognize a negligence claim by an insured against an insurance adjuster.[2]

The court's reasoning in *Kennedy* for granting the motion to remand in a significantly analogous context is apt:

> [T]here is at least "a possibility" that the Pennsylvania Supreme Court, construing state "substantive law in favor of the plaintiff" could decide that an insurance adjuster owes a duty of care to an insured that would be breached by failing to reasonably investigate an insured's claims and making misrepresentations regarding the ongoing status of the investigation. Particularly where two states' supreme courts have reached that conclusion, defendants have hardly carried their "heavy burden of persuasion in making th[e] showing" that plaintiffs' claims are not colorable. Again, "while other states may have decisive law on this issue, Pennsylvania does not" and absent any Pennsylvania law "expressly precluding a negligence suit against an insurance adjuster by an insured" [the court] "may not at this stage of the litigation hold that" plaintiffs' negligence claim against adjuster defendants "is wholly insubstantial or frivolous." Regardless of [the court's] opinions regarding the substantive question of state law on the "legal merits" [the court] cannot allow those considerations to shift the outcome "in this preliminary jurisdictional determination." Thus, [the court] find[s] that plaintiffs have stated at least a colorable claim for negligence against adjuster defendants under Pennsylvania law.

*Kennedy*, 2015 WL 4111816 at *4 (internal citations omitted).

---

[2] *See Kennedy v. Allstate Prop. & Cas. Ins. Co.*, No. CIV.A. 15-2221, 2015 WL 4111816, at *3 (E.D. Pa. July 8, 2015); *McKean v. Nationwide Affinity Ins. Co. of Am.*, No. 3:15-CV-1294, 2015 WL 6525800, at *1 (M.D. Pa. Oct. 28, 2015); *Hennessy v. Allstate Ins. Co.*, No. CIV.A. 13-6594, 2014 WL 1479127, at *3 (E.D. Pa. Apr. 14, 2014); *Gentile v. Travelers Pers. Ins. Co.*, No. 3:06-CV-02286, 2007 WL 576663, at *2 (M.D. Pa. Feb. 21, 2007).

Similarly, here, the court cannot say under the current state of Pennsylvania law that there is not at least a possibility that the state court could find that insurance adjuster Thomas owed Plaintiff a duty of care that would be breached by his alleged failure to investigate and appropriately handle Plaintiff's claim. That possibility precludes a finding of fraudulent joinder and likewise precludes the court's exercise of jurisdiction over this non-diverse, purely state law dispute.

## IV. CONCLUSION

In light of the foregoing, the court will **GRANT** Plaintiff's motion to remand (Doc. 12) and **REMAND** this case back to the Lackawanna County Court of Common Pleas. The court will **DISMISS** the motions to dismiss (Docs. 4 & 6) as moot. An appropriate order follows.

*/s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: July 21, 2023**
23-0247-01